IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BLANCA YARMINA ROBLES,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　 )
　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　)　Civil Action No. 17-190-E
　　　　　　　　　　　　　　　　　)
COMMISSIONER OF SOCIAL SECURITY,　)
　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　)

O R D E R

AND NOW, this 21st day of September, 2018, upon consideration of Plaintiff's Motion for Summary Judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may

neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred by failing to evaluate properly and to provide sufficient reasons for discounting the medical opinion of one-time consultative examiner Ranko Barac, D.O. in making Plaintiff's residual functional capacity assessment ("RFC"). The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

At the outset, the Court notes that it is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). Moreover, a consultative examiner's opinion is not automatically entitled to controlling weight, but is properly accorded weight only to the extent the record supports it. See 20 C.F.R. §§ 404.1527(c), 416.927(c). In fact, an ALJ may even give an opinion from a treating physician less than controlling weight or reject it, as long as the ALJ clearly explains his or her reasons for doing so. See Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007). The determination of whether an individual is disabled thus "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Soc. Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006).

Here, the Court finds no merit in Plaintiff's contention regarding the ALJ's decision not to give controlling weight to the opinion rendered by Dr. Barac. More specifically, the Court finds that the ALJ did not fail to provide sufficient reasons for discounting portions of Dr. Barac's opinion, nor did he improperly substitute his own lay analysis for the judgment of Dr. Barac in formulating Plaintiff's RFC. Rather, the ALJ fulfilled his duty as fact-finder to evaluate Dr. Barac's opinion, considering a number of factors, and in light of all the evidence presented in the record. See 20 C.F.R. §§ 404.1527, 416.927. In the end, the ALJ specified that he was declining to adopt parts of Dr. Barac's opinion only after engaging in a thorough discussion of the record in its entirety. (R. 21-22).

In fact, the Court notes that, after reviewing the record, the ALJ adopted part of Dr. Barac's opinion. Specifically, the ALJ explained that Dr. Barac limited Plaintiff to occasional lifting and carrying objects weighing up to 20 pounds, he imposed a sit/stand option, and he included limitations on Plaintiff's extremity functioning, "all of which has been incorporated into my residual functional capacity assessment." (R. 23, 369-80). However, the ALJ declined to adopt the portion of Dr. Barac's opinion that restricted her to never climbing, balancing, stooping, kneeling, crouching or crawling. (R. 23, 372). The ALJ then clearly stated in his decision that Dr. Barac had not explained how Plaintiff's impairments would prevent her from engaging in any such postural maneuvers, "particularly in light of the relatively benign clinical findings he recorded during his physical examination (See *supra*)." (R. 23). The ALJ also pointed out that Plaintiff herself had described substantial activities of daily living in which she engaged, including cleaning the kitchen and bathroom, doing laundry, preparing simple meals,

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED.

s/ Alan N. Bloch<br>United States District Judge

ecf:          Counsel of record

---

going out alone and shopping for food, which clearly indicate an ability to perform some postural maneuvers. (R. 23). The ALJ thus noted that he declined to accept Dr. Barac's opinion to the extent that he had opined that Plaintiff could never engage in any postural functioning whatsoever. (R. 23).

Furthermore, the ALJ explained that his assessment was supported by the findings of state agency physician James Caramanna, M.D. (R. 23). Dr. Caramanna reviewed Plaintiff's records, including the records of Dr. Barac, and assessed her as being capable of performing light work with no more than "occasional" postural maneuvers. (R. 23, 77-92). Thus, the Court finds that substantial evidence supports the ALJ's determination that Dr. Barac's opinion lacked significant discussion, explanation, or details to justify his statements concerning Plaintiff's limitations in postural functioning contained therein. Moreover, the Court also finds that the ALJ sufficiently explained his reasons for giving Dr. Barac's opinion less than controlling weight.

Plaintiff also notes that if the ALJ had questions regarding Dr. Barac's report or Plaintiff's impairments or symptoms, then the ALJ should have re-contacted Dr. Barac for clarification of his report, arranged for an additional medical examination, enlisted review by another medical expert, or perhaps sent the entire file back to the state agency for review. It is true that an ALJ has a duty to develop a full and fair record in a Social Security case. See Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995); Carmichael v. Barnhart, 104 Fed. Appx. 803, 805 (3d Cir. 2004). Nothing in the record here, however, demonstrates that the ALJ failed to fulfill his duty in this case. The record contained several medical opinions, along with Plaintiff's medical records and her other records and testimony, and nothing in the record indicates that Plaintiff or his counsel requested an additional examination or that additional evidence needed to be included. Moreover, the ALJ did not simply find Dr. Barac's record to be incomplete or unclear. Instead, he expressly and reasonably found Dr. Barac's opinion to be inconsistent with the doctor's own findings contained in his report and the other evidence of record. (R. 23).

Accordingly, the Court finds that the ALJ properly discharged his duty to discuss Dr. Barac's opinion, as well as the other evidence addressing Plaintiff's impairments that was presented in the record. The Court finds that substantial evidence supports the ALJ's evaluation of the evidence, including his decisions as to the weight he gave to the opinions in making his ultimate determination regarding Plaintiff's RFC. Therefore, the Court affirms.